Order, Supreme Court, New York County (Barbara R. Kapnick, J.), entered December 12, 2011, which denied defendants’ motion for summary judgment dismissing the complaint, and denied plaintiffs cross motion for summary judgment as to the first, second and third causes of action, modified, on the law, to dismiss the first and second causes of action, and otherwise affirmed, without costs.
The written agreement upon which plaintiff seeks a success fee and certain real estate broker’s commissions is unenforceable as vague, since the agreement fails to set the price or compensation to be received by plaintiff. Nor does it provide for a means to calculate same (see Matter of 166 Mamaroneck Ave. Corp. v 151 E. Post Rd. Corp., 78 NY2d 88, 91-92 [1991]). As such, the IAS court should have granted defendants summary judgment on the two breach of contract claims.
With regard to plaintiffs claim for unjust enrichment, it was properly permitted to proceed, as there was no enforceable agreement regarding the same subject matter (cf. IDT Corp. v *454 Morgan Stanley Dean Witter & Co., 12 NY3d 132, 142 [2009]). Moreover, fact issues preclude dismissal as to defendants Joseph Tahl and Tahl Propp Equities, LLC, as both apparently dealt directly with plaintiff on this transaction, and both are alleged to have benefitted from the transaction (see Georgia Malone & Co., Inc. v Rieder, 86 AD3d 406 [2011]). Concur—Mazzarelli, J.P., Manzanet-Daniels and Roman, JJ.